D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARCH SPECIALTY INSURANCE COMPANY,

                Plaintiff,

          -against-

KAJAVI CORP.,

                Defendant.
------------------------------------------------------------X

**ORDER**

**18-CV-4043 (NGG) (SMG)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff Arch Specialty Insurance Company ("Arch") brings this diversity action against Defendant Kajavi Corp. ("Kajavi") for breach of contract, unjust enrichment, and account stated. (Compl. (Dkt. 1).) Upon Plaintiff's application and in light of Defendant's failure to appear in or otherwise defend this action, the Clerk of the Court entered Defendant's default on January 10, 2019. (Entry of Default (Dkt. 12).) Currently pending before the court is Plaintiff's motion for default judgment. (Pl. Mot. for Default J. ("Mot.") (Dkt. 13).) The undersigned referred Plaintiff's motion to Magistrate Judge Steven M. Gold, who issued a report and recommendation ("R&R") that the court grant the motion. (R&R (Dkt. 21) at 1.)

    This case arises out of a dispute regarding a commercial general liability insurance policy, Policy No. AGL 003156800, that Plaintiff issued to Defendant in November 2015 (the "Policy").[1] (Compl. ¶ 6.) The Policy provided that Plaintiff would indemnify Defendant against certain liabilities in exchange for the payment of premiums. (Id. ¶ 7.) Defendant promised to pay certain "initial premiums" based on its estimated exposure but agreed that those premiums

---

[1] Once the Clerk enters a defendant's default, the defendant is deemed to have admitted the well-pleaded allegations in the complaint pertaining to liability. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). The court therefore accepts as true the complaint's factual allegations relating to liability.

1

were subject to increase or decrease based upon subsequent audits. (Id. ¶ 10.) During the effective dates of the Policy, Plaintiff performed its contractual obligations and insured Defendant's business. (Id. ¶ 8.) Following an audit assessing Defendant's exposure to risk, Plaintiff determined that Defendant owed an additional premium of $150,856 (the "Additional Premium") as well as a New York Surplus Lines Tax equal to 3.6% of the Additional Premium and a New York State Stamping Fee equal to 0.2% of the Additional Premium (according to Plaintiff, these two amounts total $5,702.36). (Id. ¶¶ 10-11; 14-15.) Plaintiff sent defendant an invoice payable September 26, 2017 for the Additional Premium, and a letter dated December 19, 2017 demanding payment of the Additional Premium and Taxes and Fees. (Id. ¶ 15.) Defendant, however, failed to make any payment towards the amount due. (Id. ¶ 17.) As a result, on July 13, 2018, Plaintiff commenced this lawsuit. (Id.)

Judge Gold applied New York law, and found that Plaintiff had successfully stated a claim for breach of contract. (R&R at 4-5.) In order to calculate damages, he examined the complaint and the documentary evidence submitted by Plaintiff, including the Policy, affidavits, an audit report, and an invoice showing that payment was demanded from Defendant. (Id. at 6.) Judge Gold then recommended that Plaintiff be awarded damages as follows: $156,588.53 in damages on its breach of contract claim, together with pre-judgment interest at a rate of nine percent per annum calculated from September 26, 2017 until the date judgment is entered; post-judgment interest on the damages amount at the statutorily prescribed rate from the date judgment is entered until the date the judgment is paid; and $529.99 in costs. (Id. at 8.)

No party has objected to Judge Gold's R&R, and the time in which to do so has passed. See Fed. R. of Civ. P. 72(b)(2). (See also R&R at 8.) Therefore, the court reviews the R&R for clear error. See Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM)

(JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

Having found no clear error, the court ADOPTS IN FULL the R&R and GRANTS Plaintiff's motion for default judgment.

Plaintiff is awarded damages as follows:

- $156,588.53 in damages on its breach of contract claim, together with pre-judgment interest at a rate of nine percent per annum calculated from September 26, 2017 until the date judgment is entered;

- Post-judgment interest on the damages amount at the statutorily prescribed rate from the date judgment is entered until the date the judgment is paid; and

- $529.99 in costs.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
August 7, 2019

NICHOLAS G. GARAUFIS
United States District Judge